USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/14/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAYMOND ROSA,

                Plaintiff,

      - against -

NANCY A. BERRYHILL,[1]
Acting Commissioner of Social Security,

                Defendant.

**OPINION AND ORDER**

16-CV-5661 (RLE)

**HONORABLE RONALD L. ELLIS, U.S.M.J.:**

## I. INTRODUCTION

On July 15, 2016, Plaintiff Raymond Rosa ("Rosa") commenced this action pursuant to the Social Security Act, 42 U.S.C. § 405(g). (Doc. No. 1.) On December 22, 2016, Rosa filed his motion for judgment on the pleadings. (Doc. Nos. 9-10.) On January 5, 2017, the Parties consented to the jurisdiction of the undersigned. (Doc. No. 13.) On February 13, 2017, the Parties stipulated to remanding this case to the Commissioner of Social Security ("the Commissioner") for further administrative proceedings "in order to evaluate the medical opinion evidence, and obtain evidence from a vocational expert if necessary." (Doc. No. 14.) On March 15, 2017, Rosa filed a motion for attorneys' fees and costs, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, seeking $5,692.72 in fees and $400 in costs. (Doc. Nos. 16-18.) The Commissioner opposes Rosa's motion for attorneys' fees, arguing that "the Commissioner's position was substantially justified." (Doc. No. 19 at 2.) Rosa responded to the Commissioner's opposition, and requested additional fees, for a total of $6,047.29 in attorneys'

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), the heading of this case has been updated to reflect the name of the current Acting Commissioner of Social Security.

fees and $400 in costs, for litigating the EAJA issue. (Doc. No. 20.) For the following reasons, Rosa's motion is **GRANTED** in part.

## II. DISCUSSION

In awarding fees, the Court must consider whether: (1) the claimant is a "prevailing party"; (2) the government's position was "substantially justified"; (3) any "special circumstances make an award unjust"; and (4) the fee application was submitted within thirty days of final judgment in the action. *Kerin v. U.S. Postal Serv.*, 218 F.3d 185, 189 (2d Cir. 2000) (citing 28 U.S.C. § 2412(d)).

The Commissioner's sole objection to Rosa's EAJA application is that the Commissioner's position was "substantially justified." (Doc. No. 19 at 2.) The Commissioner states that the payment of attorneys' fees and other costs are required "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." (Doc. No. 19 at 3.) (quoting 28 U.S.C. § 2412(d)(1)(A)). The Commissioner argues that her position is substantially justified "if it has a reasonable basis in law and fact." (*Id.* at 3, quoting *Cohen v. Bowen*, 837 F.2d 582, 585 (2d Cir. 1988).)

The Parties here stipulated to remand. (Doc. No. 14.) It is clear from the stipulation that remand is appropriate. "[T]he [P]arties agree[d] that this action should be remanded for further administrative proceedings in order to evaluate the medical opinion evidence, and obtain evidence from a vocational expert if necessary." (*Id.* at 1.) Stipulation was entered only after Rosa filed his motion for judgment on the pleadings. (Doc. Nos. 9-10.)

Administrative Law Judge ("ALJ") Jerome Hornblass ("ALJ Hornblass") assigned "considerable" weight to the April 2013 opinion of Rosa's treating psychotherapist, Dr. Karamchand Romeshwar ("Dr. Romeshwar"), which indicated that Rosa has "fair" work ability.

2

(Doc. No. 7, Administrative Transcript ("Tr.") at 35.) ALJ Hornblass assigned "little weight" to Dr. Romeshwar's September 2013 mental assessment because the ALJ found it to be "overly restrictive." *Id.*

The Commissioner "recogniz[es] that the ALJ could have done a more thorough analysis of the medical evidence and potential need for a vocational expert," yet maintains that the ALJ properly applied the treating physician rule and was not required to obtain evidence from a vocational expert. (Doc. No. 19 at 5-6.)

Rosa argues that "[t]he ALJ's rejection of the opinions from Dr. Rameshwar given in September 2013 was erroneous" because the ALJ "failed to explain why he found those opinions 'overly restrictive' beyond his conclusory statement to this effect." (Doc. No. 10 at 10.) Rosa also argues that Dr. Rameshwar's opinions from April to September 2013 are not inconsistent, and the September 2013 opinions "are consistent with mental status examinations," which reveal various "mental status abnormalities." (*Id.* at 11.)

The Court agrees. Dr. Rameshwar's April 2013 "opinion" consisted of a single check mark estimating a "fair" work ability, (Tr. at 292.), while his September 2013 opinion is an eight-page questionnaire where Dr. Rameshwar notes "biweekly" treatment, a "poor" prognosis, and marked limitations in the areas of understanding and memory, sustained concentration and persistence, and social interactions. (*Id.* at 573-75.) Dr. Rameshwar also notes "episodes of deterioration or decompensation in work or work like settings," and Rosa's inability "to complete tasks" and keep focused. (*Id.* at 575.) Lastly, Dr. Rameshwar opined that Rosa, on average, will likely be absent from work "[m]ore than three times a month." (*Id.* at 577.)

A vocational expert was not obtained. The ALJ (1) discounted Dr. Rameshwar's assessment as "overly restrictive," (*Id.* at 35.); (2) assigned "significant weight" to a psychiatric

3

consultative examiner, Dr. Haruyo Fujiwaki, because the opinion "reflects [Rosa's] actual level of psychological functioning," (Tr. at 35.); and (3) assigned "considerable weight" to a mental assessment by the State Agency. (*Id.* at 36.)

ALJ Hornblass did not properly apply the treating physician rule because he failed to defer to the opinions of Dr. Rameshwar and explain the assigned weight. *See Greek v. Colvin*, 802 F.3d 370, 376 (2d Cir. 2015) ("SSA regulations provide a very specific process for evaluating a treating physician's opinion and instruct ALJs to give such opinions 'controlling weight' in all but a limited range of circumstances."); *see also* 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion"). The ALJ committed a clear legal error and the Court does not find the Commissioner's position to be "substantially justified." Rosa is entitled to reasonable attorneys' fees and costs expended to litigate this matter.

In seeking a fee, the moving party's fee application must be accompanied by an itemized statement from the party's attorney "stating the actual time expended and the rate at which fees and other expenses were computed." 28 U.S.C. § 2412(d)(1)(B). In the Second Circuit, an application for fees must be accompanied by contemporaneous time records. *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983) ("The records should specify, for each attorney, the date, the hours expended, and the nature of the work done.").

Rosa's counsel, Charles E. Binder ("Binder"), provided contemporaneous time keeping records for the time he and Daniel S. Jones ("Jones") spent working on this case from April 27, 2016, to March 15, 2017. (Doc. No. 17-1.) Binder and Jones billed 28.9 hours total at a rate of $196.98 per hour. *Id.* The base rate for EAJA purposes is $125 per hour, but adjustments may be made for inflation according to the Consumer Price Index. *See* 28 U.S.C. §

4

2412(d)(1)(D)(2)(A). A court filing fee of $400 was the sole cost. (Doc. No. 17-1.) The Commissioner did not contest the hourly rate nor the hours expended and costs billed.

An additional 1.8 hours in attorneys' fees, amounting to $354.57, was requested to compensate Rosa's counsel for litigating the EAJA issue. (Doc. No. 20 at 5.) Because time records were not submitted to the Court, supplemental fees will not be considered.

### III. CONCLUSION

For the reasons set forth above, Rosa's motion for attorneys' fees and costs is **GRANTED** in the amount of **$6,092.72**.

The Clerk of Court is instructed to terminate the motion pending at docket entry 16.

**SO ORDERED this 14th day of August 2017.**
New York, New York

*[signature]*
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**